**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|                          |   |                    |
|--------------------------|---|--------------------|
| LYDIA SIERRA ONGAY       | : |                    |
|                          | : | Civil No. 09-0610  |
|     Plaintiff,           | : |                    |
|                          | : |                    |
|       v.                 | : |                    |
|                          | : | **OPINION**        |
| MICHAEL ASTRUE,          | : |                    |
|                          | : |                    |
|     Defendant.           | : |                    |

Appearances:

    Gary C. Linarducci, Esquire
    Steven Loyd Butler, Esquire
    Linarducci & Butler, PA
    910 West Basin Road
    Suite 100
    New Castle, DE 19720
        Attorneys for Plaintiff

    Patricia Anne Stewart, Esquire
    Social Security Administration - Region III
    Office of General Counsel
    300 Spring Garden Street
    Philadelphia, PA 19123
        Attorneys for Defendant

**BUMB**, UNITED STATES DISTRICT JUDGE:[1]

    This matter comes before the Court upon the motion of Plaintiff Lydia Sierra Ongay ("Plaintiff") for attorney fees,

---

[1] The Honorable Renée Marie Bumb, United States District Judge for the District of New Jersey, sits in the District of Delaware by designation.

pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff filed this motion following this Court's decision to vacate the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act and remand for further proceedings. See Dkt. Ent. 23. The Court remanded the matter to the ALJ to either credit the opinions of the Plaintiff's treating physicians or provide an adequate explanation for rejecting those opinions.

Plaintiff seeks fees for 41.7 hours, at a rate of $173.00 per hour, for a total of $7214.10 in fees. Defendant, the Commissioner of Social Security (hereafter "Commissioner"), objects to this amount as unreasonable. For the reasons set forth below, the Court grants the Plaintiff's motion for attorney's fees, but reduces the amount sought to $3944.40.

**I. Discussion**

"[T]he essential objective of the EAJA [is] to ensure that persons will not be deterred from seeking review of, or defending against, unjustified governmental action because of the expense involved in the vindication of their rights...." Johnson v. Gonzales, 416 F.3d 205, 208 (3d Cir. 2005)(quoting Clarke v. INS, 904 F.2d 172, 178 (3d Cir. 1990) (internal quotation omitted)). Thus, the EAJA directs that "a court shall award to a prevailing

party other than the United States fees and other expenses...unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not dispute that Plaintiff is entitled to fees under the EAJA. Thus, the Court understands the Commissioner to concede (1) that Plaintiff was the prevailing party; (2) that the position of the United States was not substantially justified and (3) that no special circumstances exist that would make an award unjust. Rather, the Commissioner objects to the amount of fees sought and proposes that the reduced sum of $3875.20 as a reasonable award.

The EAJA defines "fees and other expenses" as including "reasonable attorney fees." § 2412 (d)(2)(A). "Generally speaking, a 'party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.'" Newell v. Comm'r of Social Security, 121 Fed.Appx. 937, 939 (3d Cir. 2005)(quoting Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). The party opposing a fee award, however, must support the challenge by submitting an "affidavit or brief with sufficient specificity to give fee applicants notice" of the opposing party's objection. Rode, 892 F.2d at 1183 (citing Bell v. United Princeton Properties, Inc., 884 F.2d 713 (3d Cir. 1989)). The Court may not "'decrease a fee award based on

3

factors not raised at all by the adverse party.'" Id. (quoting Bell, 884 F.2d at 720). But "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." Id. (citing Bell, 884 F.2d at 721).

**A. Hourly Rate**

The EAJA permits reimbursement of attorney's fees up to $125.00 per hour unless the court determines an increase in the cost of living or other special factor. 28 U.S.C. §2412(d)(2)(A)(ii). Plaintiff here seeks to increase the authorized rate, based on a cost of living increase, to $173.00.[2]

---
[2] Plaintiff calculates the $173.00 fees as follows:

(1) Subtract March 1996 Consumer Price Index base figure [162.0](when the EAJA was passed) from current (October 2010) figure [228.50]: 228.5-162.0 = 66.50;

(2) Divide the base [Consumer Price Index - All Categories] from the result to obtain the inflation adjustment: 66.50/162.0=.41

(3) Multiply the $125.00 EAJA rate by the inflation adjustment to obtain the hourly adjustment: $125.00 * .41= $51.25; and

(4) Add the result to the $125.00 EAJA rate for the adjusted hourly rate: $125.00 + $51.25= $176.25.

Def. Br. at 4 n.1.
   Plaintiff lowered this $176.25 rate to the requested amount of $173.00. The Third Circuit "has...expressly ruled that the Consumer Price Index may be used in determining cost of living adjustments under the EAJA." Garcia v. Schweiker, 829 F.2d 396, 401 (3d Cir. 1987)(citing Natural Res. Def. Council, Inc. v. U.S. E.P.A., 703 F.2d 700, 713 (3d Cir. 1983)).

4

Defendants raise no objection to this rate.  Given the Commissioner's lengthy briefing, the Court interprets the Commissioner's silence on this issue as conceding the reasonableness of the requested increase.  The Court thus concludes that the cost of living adjustment is appropriate and that $173 represents a reasonable hourly rate.

**B.     Number of Hours**

In addition to raising general objections to the total fee award sought by Plaintiff,[3] the Commissioner raises specific arguments for reducing the number of hours billed by Plaintiff's counsel:  (1) counsel seeks reimbursement for non-compensable clerical work, (2) legal research never performed and (3) boilerplate language lifted from other briefs.

---

[3]  Defendants object that the fees requested here exceed both national and regional averages and that the amount sought is unreasonable in light of Plaintiff's counsel's expertise and the "routine" nature of this dispute. Plaintiff disputes these contentions.  The Court, however, need not address such generalized objections.  See, e.g., U.S. v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 211 (3d Cir. 2000) ("a court may not reduce counsel fees sua sponte as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested"); Watson v. Southeastern Pennsylvania Transp. Ass'n, Civ. No. 96-1002, 1998 WL 720072, 2 (E.D.Pa. 1998) ("Where the Defendant has not specifically objected to the reasonableness of the hours expended, this Court will not sua sponte make an adjustment to the total number of allowable hours, although the number of hours claimed in filing this petition appears excessive."), aff'd, 207 F.3d 207 (3d Cir. 2000).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "The district court should exclude hours that are not reasonably expended," i.e., hours that are "excessive, redundant, or otherwise unnecessary." Rode, 892 F.2d at 1183 (citing Hensley, 461 U.S. at 433). Accordingly, the EAJA requires the prevailing party to produce "an itemized statement from any attorney ...representing ... the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412 (d)(1)(B). Plaintiff produced an itemized statement representing 41.7 hours of work.

Defendants seek first to reduce this total by 0.8 hours that Plaintiff has billed that the Commissioner considers "clerical work." See, e.g., Debose v. Apfel, Civ. No. 98-2096, 2000 WL 298927, at *3 (E.D. Pa. Mar. 15, 2000) (holding fee petitioner not entitled to attorney fees "for the clerical task of personally filing pleadings in the district court"). The Court agrees with the Commissioner's objection as to the 0.2 hours billed to "File Brief/MSJ" on June 17, 2010 and the 0.10 hours spent to "Revise and File Reply Brief" on July 27, 2010.[4] The

---

[4] That only 0.10 hours was spent to both revise and file the reply brief leads the Court to conclude that the revision made was a clerical task.

6

Court does not agree that the 0.50 hours billed for "Preparation and filing of Complaint/IFP" was purely clerical work. Thus, the Court will deduct only 0.1 hours from the 0.50 hours Plaintiff seeks as representing the time spent filing the complaint.

The Commissioner next objects to the 26.5 hours that Plaintiff's counsel spent drafting the moving brief. The Commissioner provided the Court with evidence that several arguments counsel made in the moving brief in this matter appeared in briefs previously filed in other actions. <u>See</u> Def. Attachments B, D and Ex. 2-13. The Commissioner seeks to reduce the time billed for the moving brief to 15 hours.

Plaintiff's counsel submitted a twenty-four page brief, raising three arguments: (1) the ALJ did not properly consider the medical opinion testimony; (2) the ALJ did not properly consider the vocational testimony; and (3) the circumstances of this case warranted an award of benefits without remand. These arguments were not novel, as the Commissioner demonstrates by highlighting language lifted from other briefs. Surely, any efficient attorney would seek to adapt previous work. But Plaintiff's counsel's efficient use of prior briefs simply does not support the 26.5 total hours billed for drafting Plaintiff's moving brief. Counsel's billing entries also indicate a significant time spent completing legal research, but much of the

7

legal citations ultimately used in the moving brief appeared in counsel's other briefs.  Moreover, although Plaintiff argues that this matter required review of a 1400 page transcript, the Commissioner has not contested the reasonableness of the 4.0 hours counsel spent to review the record and identify the issues.  Thus, the Court acknowledges counsel's expertise in social security matters and agrees with the Commissioner that counsel reasonably spent 15 hours drafting the moving brief.

Lastly, the Commissioner asks the Court to reduce the time Plaintiff's counsel billed for reading the Commissioner's opposition brief and drafting Plaintiff's reply brief from 7.0 to 4.0 hours.  The Commissioner justifies this reduction by noting that the reply brief essentially restated arguments counsel made in the opening brief.  <u>See</u> Def. Attachment E.  Plaintiff's counsel counters that the reply brief became necessary after the Commissioner filed a thirty-five page opposition brief.  The Court agrees with both positions.  Filing a reply brief was certainly necessary and, given counsel's efficient use of previous work, counsel reasonably spent 4.0 hours drafting the reply.

Plaintiff now seeks reimbursement for the 9.5 hours billed, for reading the Commissioner's opposition to the fee petition,

8

which totaled over 400 pages, and filing a reply brief.[5] (This amount would be in addition to the 2.0 hours billed for preparing the fee petition.) Given that Plaintiff made this request in the context of a reply brief, the Commissioner lacked the opportunity to respond. Before awarding the $1643.50 in fees for drafting the reply, the Court will afford the Commissioner the opportunity to object. The Commissioner must file any objection to this fee request before the date listed in the Order accompanying this Opinion.

**C.   Other Arguments**

The Commissioner argues that, given that Plaintiff had two attorneys work on this appeal, see Linarducci Decl., and that the billing submitted does not identify which attorney performed the listed work, that the hours requested could be duplicative. See, e.g., Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001)("We remand with instructions that the district court (1) make a finding concerning the number of hours that 'are documented inadequately and reflect duplicative efforts and excessive staffing,' (2) make a finding as to which lawyers billed those hours, and (3) deduct those hours from its calculation of the hours that Plaintiffs' counsel 'reasonably expended' on this

---

[5]   A significant portion of the 400 some pages submitted by the Commissioner in opposition to Plaintiff's fee petition was Plaintiff's counsel's own work. Thus, the Court questions whether counsel reasonably spent 9.5 hours reviewing this opposition and drafting the reply.

9

action."). In stark contrast to the case here, Sorensen involved a fee petition seeking $1,446,908 for 8,298.39 hours billed. 239 F.3d at 1144. Given the Commissioner's position that $3875.20 represents a reasonable fee award, and that the Court will award fees totaling $3944.40, the record here simply does not suggest duplicative billing.

Finally, the Court agrees with the Commissioner that the amount in fees should be paid directly to Plaintiff. See, e.g., Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States.") Plaintiff does not contest this point.

In sum, the Court will award the following fees:

| Date | Activity | Awarded |
|---|---|---|
| 8/17/09 | Preparation and filing of Complaint/IFP | 0.40 |
| 08/26/09 | Review Docket | 0.10 |
| 08/31/09 | Review Order Re: IFP | 0.10 |
| 09/17/09 | Review Docket | 0.10 |
| 10/23/09 | Review Docket | 0.10 |
| 12/10/09 | Review Transcript | 0.10 |
| 05/12/10 | Review Briefing Order | 0.10 |

10

| Date | Task | Hours |
|---|---|---|
| 06/03/10 | Record Review, Issue Identification | 4.00 |
| 06/04/10 | Outline, Brief-writing, Legal Research | 5.50 |
| 06/07/10 | Brief-writing, Legal Research | 4.00 |
| 06/15/10 | Editing, Proofing, Finalizing | 1.50 |
| 06/19/10 | Telephone Conversation w/ Client Re: Brief | 0.10 |
| 07/20/10 | Read Defendant's Response, Write Reply | 4.00 |
| 07/29/10 | Telephone Conversation w/ Client Re: Brief | 0.10 |
| 12/27/10 | Review Opinion Re: Remand | 0.30 |
| 12/29/10 | Review Order Re: Remand | 0.10 |
| 12/29/10 | Telephone Conversation w/ Client Re: Case Outcome | 0.20 |
| 01/20/11 | Prepare EAJA | 2.00 |
| | Total hours: | 22.8 |
| | Total fees: | $3944.40 |

**III. Conclusion**

For the foregoing reasons, the Court grants Plaintiff's Petition for Attorney's Fees. Plaintiff's attorney reasonably expended 22.80 hours litigating this case, which equates to a fee award of $3944.40. With regard to the request for reimbursement made in Plaintiff's reply brief, the Commissioner must file any objection before the date listed in the Order accompanying this Opinion.

Dated: June 20, 2011        s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge